UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| COMMONWEALTH MOTORCYCLES, INC., <br> Plaintiff <br><br> V. <br><br> DUCATI NORTH AMERICA, INC., <br> Defendant. | Civil No. 16-02-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

Before the Court is Plaintiff Commonwealth Motorcycles, Inc.'s Motion for Remand. [R. 12.] For the reasons explained below, the Court will DENY Commonwealth's motion.

**I**

On October 8, 2015, Commonwealth sued Defendant Ducati North America, Inc. in Kentucky's Franklin Circuit Court for an alleged "violation of the Kentucky Motor Vehicle Sales Act." [R. 1-2 at 3.] A few months later, Ducati attempted to remove this case to the Western District of Kentucky,[1] not realizing that Franklin County lies in the Eastern District. Judge Joseph McKinley then transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). [R. 6.]

Commonwealth now asks the Court to remand this case to the Franklin Circuit Court. The company's tortuous grounds for remand go like this: KRS 190.062 vests the Franklin Circuit Court with "exclusive" subject matter jurisdiction over violations of the Kentucky Motor Vehicle Sales Act. *General Motors Corporation v. Book v. Chevrolet, Inc.*, 979 S.W.2d 918, 919 (Ky.

---

[1] Commonwealth's principal place of business is in Kentucky, and Ducati is a California corporation. [R. 1 at 2.] Ducati removed the case on diversity grounds pursuant to 28 U.S.C. § 1332.

1998). Because state court litigants can only bring these kinds of suits in the Franklin Circuit Court—and because the Franklin Circuit Court lies in the Eastern District of Kentucky—Commonwealth insists that the Western District lacks subject matter jurisdiction over this case. Commonwealth concedes that Franklin County's "exclusive" jurisdiction would not otherwise deprive *this* Court of subject matter jurisdiction. The company argues only that the *Western* District lacks subject matter jurisdiction over this action, and thus Judge McKinley's attempted transfer of the case to this District is a nullity. *See Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, 1160, n.1 (7th Cir. 2000) ("A court may not transfer a case under § 1406 unless it has subject matter jurisdiction over the action.").

Commonwealth's argument relies on a misunderstanding of the relationship between state and federal courts. When a state deprives itself completely of subject matter jurisdiction over a particular cause of action, a federal court sitting in diversity may likewise lose jurisdiction over that same claim. *See, e.g., Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("[E]ven if diversity of citizenship exists, a federal court will not take jurisdiction [ ] unless the plaintiff has asserted a claim cognizable in state courts."); *Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 740 (4th Cir. 1980) (finding state law prohibiting certain kinds of suits also "deprived the [state's federal] district court of jurisdiction" over those same cases). But that is not what happened here. All parties concede that Kentucky retains subject matter jurisdiction over this suit—Commonwealth's motion for remand is, after all, premised on the assumption that Kentucky can and should hear this kind of case. The dispute here relates only to the fact that Kentucky chose to vest that jurisdiction in a specific venue, which happens to lie in the Eastern District of Kentucky.

2

Franklin County, however, is only a part of the Eastern District of Kentucky because the federal government made it so.  *See* 31 Stat. 781 (U.S. Comp. St. 1901); *see also U.S. v. Louisville & N.R. Co.,* 177 F. 780, 783 (W.D. Ky. 1910) (noting that Congress divided Kentucky into two federal districts in 1901).  The state carries the power to vest subject matter jurisdiction in certain county courts, and the federal government carries the independent power to place those courts in federal districts of its choosing.  Here, the parties did not fail to bring this case in the proper state court; Ducati simply failed to remove this case to the proper federal district.  That was a violation of federal, not state, procedural rules.  And a predominance of federal courts have held that such a procedural error does not require remand to state court.  *See, e.g., Keeth v. State Farm Fire and Cas. Co.,* 2011 WL 479903, at *2 (E.D. Mich. Feb. 7, 2011) (collecting cases and noting that "[d]istrict courts in this circuit have approved the transfer of a matter to a different venue when the matter has been removed to an improper federal district."); *McPeek v. Tandy LLC*, 2010 WL 399109, at *4 (E.D. Ky. Jan. 25, 2010) (denying motion to remand after removal to wrong district because "justice is better served by transferring this matter to the [proper district] rather than remanding the action to [state court]"); *Kreimerman v. Casa Veerkamp,* 22 F.3d 634, 645 (5th Cir. 1994) (finding that removal to wrong district is "much more akin to an improper venue situation than to one in which there is an actual jurisdictional defect"); *Lee v. Thomas Tours & GSA , Inc.*, 1997 WL 638428, at *1 (N.D. Cal. Sept. 29, 1997) ("When a case is removed to the wrong district, a federal district court can transfer the case to the correct venue rather than remand the case to state court.").[2]

---

[2] Some courts have reached the opposite conclusion.  *See, e.g., Maysey v. Craveonline Media, LLC,* 2009 WL 3740737, *2 (D. Ariz. Nov. 5, 2009).  But for the reasons explained in this order, the Court agrees with the majority of courts that remand is not required.

Just as importantly, Commonwealth makes no attempt to provide a substantive basis for remanding this case to the Franklin Circuit Court. They do not argue that hearing the suit in this Court would be inefficient or inconvenient—nor could they, as the Franklin Circuit Court lies roughly two hundred yards from this federal courthouse. And they do not argue that hearing the suit in this Court would cause some injustice or prejudice to the parties—nor could they, as diverse defendants have a longstanding and carefully guarded right to remove actions like these to federal court. Rather, Commonwealth argues that the Court should remand this case purely on the basis of a technicality, without reference to efficiency, equity, or common sense. That the Court will not do. *See Ullah v. FDIC*, 852 F.Supp. 218, 221 (S.D.N.Y. 1994) ("Federal courts have broad authority to reach a proper result by the most expedient means. Where a case can be sent directly to the proper site this may be done without resort to unnecessary intermediate steps."); *see also McPeek*, 2010 WL 399109 at *4 (holding that transfer of improperly removed case was a "better option than simply remanding the matter to state court, only to have the case again removed" to federal court).

## II

The Court finds no basis for remanding this case to the Franklin Circuit Court. Accordingly, Commonwealth's Motion for Remand **[R. 12]** is **DENIED**.

This 2nd day of June, 2016.



Gregory F. Van Tatenhove
United States District Judge