UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| COMMONWEALTH MOTORCYCLES, INC, <br><br> Plaintiff, <br><br> V. <br><br> DUCATI NORTH AMERICA, INC., <br><br> Defendant. | Civil No. 3:16-cv-00002-GFVT-EBA <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff's Motion for leave to File First Amended Complaint. [R. 21.] Magistrate Judge Edward Atkins denied Plaintiff's Motion on December 5, 2016, [R. 33] and Plaintiffs filed a Motion to Set Aside the Magistrate Judge's Order. [R. 36.] This matter has been fully briefed by both parties. Accordingly, and for the reasons set forth below, Plaintiff's Motion to set Aside is **DENIED**.

**I**

Commonwealth is a licensed dealer for Ducati Motorcycles and Ducati is a motor vehicle distributor who distributes Ducati motorcycles throughout the United States, including to Commonwealth. [*See* R. 1-2 at 4.] Commonwealth brings this action against Ducati in a single count for violation of the Kentucky Motor Vehicle Sales Act, specifically KRS 190.046, alleging that Ducati did not properly compensate them for various warranty services. [R. 1-2 at 3, 7.]

This case was originally filed in Franklin Circuit Court and removed to this Court on December 30, 2015. [R. 1.] Plaintiffs objected to removal [R. 12] and their motion was denied

on June 2, 2016. [R. 20.] Parties met for their Rule 26(f) Planning meeting on February 29, 2016 [R. 15] and a scheduling order was entered by this Court on March 15. [R. 17.] Pursuant to parties' agreed-upon timeline, parties were to seek leave "to file any motions to join additional parties or amend pleadings" by May 26, 2016. [R. 17 at 3.] Rule 26(a)(2) reports from expert trial witnesses "from the party bearing the burden of proof" were due December 10, 2016 and completion of all fact discovery was due February 24, 2017. [R. 17 at 1.] The Scheduling Order stated that, "[r]equests to modify any dates or deadlines . . . shall be submitted upon motion filed prior to the expiration of the deadline in question, and upon showing of good cause beyond the control of counsel in the exercise of due diligence. *See* L.R. 7.1(b)." [R. 17 at 7.] Neither party objected to the Scheduling Order.

On August 31, 2016, Ducati filed for Leave to File their First Amended Complaint. [R. 21.] Plaintiffs seek to add two price discrimination claims, violation of KRS § 190.070 and violation of the Robinson-Patman Act (15 U.S.C. § 13). [R. 21-2.] In their Motion, Plaintiffs admit that they became aware of "newly-asserted claims . . . [in] January of 2016." [R. 21 at 2.] Elsewhere in the Amended Complaint, Plaintiffs also admit that they became aware of "discriminatory practices" in violation of Kentucky law in December 2015, when they emailed former CEO of Ducati, Dominique Cheraki. [R. 21-2 at 7.]

Plaintiffs further allege, that there was not any delay in filing their amended complaint and that Ducati would suffer no prejudice as discovery was continuing at the time of their Motion. [*See* R. 21 at 2.] Plaintiffs claim that they could not amend their complaint without rendering moot their Motion to Remand. [R. 30 at 3.]

On December 5, 2016, Magistrate Judge Edward B. Atkins denied Plaintiff's motion to amend their complaint. [R. 33.] Plaintiffs filed their Motion to Set Aside the Magistrate's Order on December 15. [R. 36.] Full briefing followed.

**II**

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake*, Inc., 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

However, when leave to file an amended complaint is filed after the deadline in the scheduling order, Federal Rule of Civil Procedure 16 provides an additional—and more stringent—threshold requirement. "When [a] motion to amend is filed after the scheduling order's deadline, . . . a demonstration of good cause under Rule 16(b) is required before a court may consider if an amendment is proper under Rule 15(a)." *Birchwood Conservancy*, 302 F.R.D. at 424 (citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); *Leary*, 349 F.3d at 906); *see also, Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005). According to Rule 16, the primary measurement of "good cause" "is the movant's diligence in attempting to meet the case management order's requirements." *Birchwood Conservancy*, 302 F.R.D. at 427 (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir.

2003)); *see also Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) Under Rule 16, a court is also to consider "possible prejudice to the party opposing the modification." *Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 5497967, at *1 (E.D. Ky. Nov. 13, 2012) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

Plaintiffs spend considerable time complaining that Ducati was not prejudiced by the delay of the filing of their amended complaint. They assert that their dismissal of deadlines in the scheduling order should be looked over because there was still time left in discovery and depositions had not been taken. Plaintiffs fail to follow the guidelines of Fed. R. Civ. P. 16(b)(4), that good cause must exist to grant an amendment to the scheduling order.

This Court agrees with the Magistrate Judge's finding that Commonwealth's litigation "strategy" was just that, a strategy, and not an attempt to comply with deadlines agreed upon by parties and imposed by this Court. [*See* R. 33.] Plaintiffs did not comply with the scheduling order and did not present any acceptable good cause for failing to do so. Plaintiffs did not file a motion for an extension of time to file an amended complaint and have also failed to explain this discrepancy as well. They have summarily dismissed the requirements to amend their complaint in accordance with the scheduling order, and this Court does not believe they were making any attempt "to meet the case management order's requirements." *Birchwood Conservancy*, 302 F.R.D. at 427.

Commonwealth alleges it was waiting for a decision on the Motion to Remand before amending its complaint. However, even if that were an acceptable reason for delaying the filing, Plaintiff waited almost three months from the ruling on the Motion to Remand to file their amended complaint. Even more troubling is that Plaintiffs now seek to allege a federal question

in their amended complaint, which would have necessarily negated their Motion to Remand, further giving this Court reason to believe Plaintiffs are seeking an unfair advantage. If Plaintiffs wanted an extension to file their amended complaint, they could have petitioned the Court for an extension, and may have received one, but their practice of filing their amended complaint significantly after the deadline imposed by the scheduling order with no good cause shown, and even a cause contrary to the nature of proceedings in this case, shows that they did not intend to comply with the Court's orders and does not demonstrate good cause.

Agreeing further with the Magistrate Judge, the Court finds this case most similar to *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 458–59 (6th Cir. 2013). In *Glazer*, Plaintiffs took a "wait-and-see approach" in their litigation strategy and filed an amended complaint "four months after discovery of the 'new' evidence." *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 458–59 (6th Cir. 2013) The Sixth Circuit upheld the District Court's decision to deny the amended motion, holding that, "Glazer should have sought leave as soon as he learned of this new fact" rather than waiting for other court proceedings to play out. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458–59 (6th Cir. 2013). Similarly, Commonwealth should have acted on the new evidence when they learned of it in December 2015 or January 2016 or filed a motion for an extension of time. Plaintiffs could also have petitioned the Court to stay the scheduling order pending the outcome of the Motion to Remand. Failing to make any attempt to comply with the scheduling order demonstrates a lack of good faith on the part of the Plaintiffs.

Further, contrary to Commonwealth's assertions, Defendant was prejudiced by the late filing of their amended complaint. Though discovery deadlines have now passed, expecting Ducati to defend itself from an antitrust claim with six (6) months remaining in discovery is unacceptable. As in *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), this

Court finds that reopening discovery for an antitrust claim would create "significant prejudice to the defendants," as Commonwealth's new allegations against Ducati are "quite different" than the original one count complaint of violation of KRS 190.046. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

## III

We demand strict compliance with the rules for important instructional reasons. That did not occur here. Commonwealth did not demonstrate good cause for their delay in filing their amended complaint. Consequently, their Motion to Set Aside the Magistrate Judge's Order is **DENIED**. [R. 36.]

This the 18th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge