UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| COMMONWEALTH MOTORCYCLES, INC, | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:16-cv-00002-GFVT-EBA |
| V. | ) ) | **MEMORANDUM OPINION** |
| DUCATI NORTH AMERICA, INC., | ) ) ) | **&** |
| Defendant. | ) ) ) | **ORDER** |

**\*\*\*  \*\*\*  \*\*\*  \*\*\***

This is before the Court on Defendant's Motion for Summary Judgment. [R. 71.] Defendants seek Summary Judgment against Plaintiffs for failing to comply with Federal Rules of Civil Procedure Rule 26 by not calculating their damages. This Court agrees that Plaintiffs failed to timely comply with Rule 26, but has chosen to issue sanctions in this case rather than grant Summary Judgment. Accordingly, summary judgment will be **DENIED**. [R. 71.]

**I**

**A**

Commonwealth is a licensed dealer for Ducati Motorcycles and Ducati is a motor vehicle distributor who distributes Ducati motorcycles throughout the United States, including to Commonwealth. [*See* R. 1-2 at 4.] Commonwealth brings this action against Ducati in a single count for violation of the Kentucky Motor Vehicle Sales Act, specifically KRS 190.046, alleging that Ducati did not properly compensate them for various warranty services. [R. 1-2 at 3, 7.]

As a dealer of Ducati motorcycles, Commonwealth is required to perform repairs and

services that fall under the Ducati "Normal Warranty." [*See* R. 72 at 3.] Ducati compensates Commonwealth for the parts and labor Commonwealth uses in order to complete repairs made under the Warranty. [*See* R. 72 at 3.] According to Ducati, labor costs in general are paid at the rate specified in the Ducati Flat Rate Manual and parts are paid according to Kentucky law. [*See* R. 72 at 3.] Ducati also reimburses for repairs on motorcycles damaged in transit. [R. 72 at 4.]

In Plaintiff's Amended Rule 26 disclosures, Commonwealth stated that they "anticipated making a claim for damages in the following categories:

> a. Underpayment of time for performing warranty work, improper payment of administrative and clerical costs in relation to warranty work, improper payment for good will and shipping damages on warranty work estimated at $40,000.
> b. Reduction of pricing to minimize dealer parts profits estimated at $90,000.
> c. Discrimination on performance payments, estimated at $60,000.
> d. Improper payment for warranty work estimated at $45,000.

[R. 72-9.] This amended disclosure did not include any explanation as to how these numbers were estimated or any details on their calculation. [R. 72 at 7.]

On April 26, 2016, Ducati served its first set of Interrogatories requesting information on Plaintiff's damages claim, including the amount of damages claimed and how those damages were calculated. [R. 72 at 8; *See* R. 72-12.] Commonwealth responded that they could not calculate damages because they did not have the "Warranty Credit Memos" that were in possession of Ducati. [R. 72-13 at 5-6.] Ducati alleges that Commonwealth admitted repeatedly that they did in fact have those memos and Commonwealth does not dispute this in their Response. Indeed, Commonwealth did eventually calculate its damages, though at a much later date. [R. 72 at 8, R. 82 at 15-22, R. 79-18.] Prior to this eventual calculation, damages claimed by Commonwealth noticeably lacked specific computations and instead were limited mainly to "estimates." [*See e.g.*, R. 72-4 at 34-35.] Such estimates were based upon files that were randomly selected, many of which Mr. Staloff did not retain to show how such estimates were

reached.  [*See e.g.*, 72-4 at 41.]  Mr. Staloff indicated throughout litigation that to engage in more detailed analysis would be a particularly onerous task, simply stating that "[w]e will have … an exact number . . .  by the time July comes around."  [R. 90 at 3.]  In fact, upon being pressed in his deposition on whether Commonwealth had completed an "entire calculation," Mr. Staloff stated that to make such a calculation was not "impossible," but "difficult, onerous."  [R. 72-4 at 40.]

Plaintiffs finally provided a thorough calculation and analysis of their damages in their Response to Ducati's Summary Judgment Motion on May 5, 2017 [R. 82], barely two months before trial was to begin and well past the February 24, 2017, deadline for disclosure of evidence as required by the Scheduling Order.  [R. 17.]  This final approximation shows how both the categories and amount of damages claimed by Commonwealth throughout litigation changed significantly.  [*See e.g.,* R. 72-9 at 1-2; R. 79-18 at 7.]  In particular, the approximated total damages decreased over $74,000, from $175,000 in Commonwealth's initial disclosure of estimated damages, to the actual calculation of $100,360.92, as included in the response to summary judgment.  [*See* R. 90 at 10.]

The table below illustrates the different amounts claimed, and different categories used, by Commonwealth throughout litigation:

| Category of Damages | Amended Disclosures [R. 72-9] | Expert Disclosures and Staloff Deposition [R. 72-11; R. 72-4] | Supplemental Disclosures [R. 82; R. 79-18.] |
|---|---|---|---|
| Labor & Administrative & Clerical Costs / Improper Payment for Good Will & Shipping Damages | $40,000 | | |
| Parts whose retail price changed over time | $90,000 | $45,000 | $6,629.38 |
| Improper Payment for Warranty Work | $45,000 | $16,875 | |
| Discrimination on performance payments | $60,000 | | |
| Actual repair time | | $22,000 | $11,905.25 |
| Administrative Time | | | $42,620.38 |
| Minimum hourly rate | | $2,500 | |
| Parts for which DNA did not pay retail | | $45,000 | $31,342.78 |
| Shop Supplies/Good Will and Shipping Damages | | $43,625 | |
| Unpaid Labor | | | $2,500 |
| ***Total*** | $235,0000 | $175,000 | $100,360.92 |

The specific computations found in Commonwealth's Reply were mainly included in the

Compilation Declaration of Cody Allen Gordon, which contained comprehensive tables detailing

the alleged discrepancies between what was owed to Commonwealth and what Ducati actually

paid. [R. 79-18.]  Prior to this point in the litigation, Mr. Gordon had not played a role in

litigation, only being named briefly as parts manager.  [R. 72-4 at 7.]

　　This case was originally filed in Franklin Circuit Court and removed to this Court on

December 30, 3015.  [R. 1.]  Defendants filed for summary judgment on March 30, 2017.  [R.

71.]

**B**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'"  Olinger v. Corporation of the President of the Church, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff."  Anderson, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact.  Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002).  The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case."  Celotex Corp., 477 U.S. at 325.  Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial.  Fed. R. Civ. P. 56; Hall Holding, 285 F.3d at 424 (citing Celotex, 477 U.S. at 324).  Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact.  It must present significant probative evidence in support of its opposition to the motion for summary judgment."  Hall Holding, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party.  Logan v. Denny's, Inc., 259

F.3d 558, 566 (6th Cir. 2001) (citing Liberty Lobby, 477 U.S. at 255). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." In re Morris, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." Id.

## II

### A

Ducati's main argument for Summary Judgment is that that Commonwealth has not fully complied with discovery calculation disclosures required by Federal Rules 26(a), which in turn means they have not proved their case according to KRS 190.046. [*See* R. 72 at 23.]

Initial Disclosure guidelines outlined in Federal Rule 26(a)(1) require that a "party must, without awaiting a discovery request, provide to the other parties . . . (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26 "[F]ailure to investigate fully is not an excuse to fail to disclose." *Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 F. App'x 423, 429–30 (6th Cir. 2008). A "reasonable computation of damages is necessary to adequately plan and prepare for trial" and a Defendant should not be expected to go into a trial "blind as to the damages claim of the plaintiff." *Shoffner v. Qwest Commc'ns Corp.*, No. 4:01-CV-54, 2014 WL 3495045, at *11 (E.D. Tenn. June 23, 2014), report and recommendation adopted, No. 4:01-CV-54, 2014 WL 3495175 (E.D. Tenn. July 11, 2014).

Fed. R. Civ. P. 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26.". *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271–72 (6th Cir. 2010) (quoting *Roberts v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir.2003).) It is appropriate to award summary judgment based on Fed. R. Civ. P. 37 where excluding a damages calculation makes the underlying claim moot. *See Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 369–70 (6th Cir. 2010) (granting summary judgment "because it had no evidence of lost profits left to consider.").

The burden to prove whether noncompliance was substantially justified or harmless falls on the party who committed the violation. *See R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271–72 (6th Cir. 2010). "The advisory committee note to Rule 37(c) 'strongly suggests that 'harmless' involves an honest mistake on the part of the party coupled with sufficient knowledge on the part of the other party.' " *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (quoting *Vance v. United States,* No. 98–5488, 1999 WL 455435, at *5 (6th Cir. June 25, 1999).

In evaluating whether a failure to comply with Rule 26 was harmless, the Sixth Circuit has adopted a five factor test from the Fourth Circuit:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir.2014). These factors are simply intended to separate "honest, harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." *EQT Prod. Co. v. Magnum Hunter Prod., Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *2 (E.D. Ky. May 25, 2017) (internal quotations omitted).

Here, Plaintiffs have been changing the categories and amounts of their damages up until the Reply to the Summary Judgment motion by Ducati. The amounts of damages Commonwealth allegedly suffered are readily computable, as they demonstrated in their Response brief, yet they continued to not actually calculate their damages despite multiple attempts by Defendants to ascertain what, exactly, or close to exactly, the damages they were allegedly responsible for.

Plaintiffs rely heavily on case law that speaks to damages that are uncertain and that uncertainty of damages should not preclude recovery. [*See* R. 82 at 35.] However, the cases they cite are in contrast to the current situation, where damages could be easily calculated. Plaintiffs have merely decided up to this point that they did not want to take the time to calculate damages, as it was burdensome. Bringing a case against any defendant requires some amount of responsibility on the part of the Plaintiff, the most basic of which is letting the Defendant know with as much certainty as possible the damages they are to dispute at trial so that the Defendant can develop a defense to all the damages claimed.

Plaintiffs did not provide any explanation that would explain that their actions were substantially justified or harmless and this Court declines to speculate how their actions are substantially justified. In evaluating whether their actions are harmless or not, this Court turns to the five factor test in *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

First, this Court looks at the "the surprise to the party against whom the evidence would be offered." *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015). Ducati is presumably not surprised by the fact that Commonwealth is claiming damages, but they are likely surprised by the fact that the categories and amount of damages continue to change up to two months away from the trial. The second two elements, "the ability of that party to cure the surprise" and "the extent to which allowing the evidence would disrupt the trial," are dispositive here. This Court believes that Ducati has now had time to "cure their surprise," though it will entertain motions to continue if Ducati requests. The Court seeks to limit the impact of Plaintiff's bad behavior on the trial by limiting the amount of damages they can claim. The time for calculating damages has passed several times. The fourth element, "the importance of the evidence," is also met, as damages are central to any civil case. The Fifth element is, "the nondisclosing party's explanation for its failure to disclose the evidence," is also unsatisfactory. Plaintiffs have not provided an acceptable explanation for not disclosing their detailed damages except that it is "unreasonable" for Ducati to even request that Plaintiffs should calculate their own damages. [*See* R. 82 at 10.] Plaintiffs cite Ky. Rev. Stat. Ann. § 190.046's admonishment, "[a] manufacturer or distributor shall not require unreasonable proof to establish "reasonable compensation," as justification for why they have not provided a calculation of their damages up to this point. However, this provision is speaking to the actual claims presented to a manufacturer at the time warranty work is performed for compensation and does not at all refer to initial disclosure obligations according to Federal Rules of Civil Procedure 26.

Plaintiffs did not comply with the requirement in Rule 26 to detail their damages and only provided a detailed account of their damages merely two months before trial. This Court therefore finds that they have violated Rule 26 and, because they actions were neither harmless

nor substantially justified, this Court finds that Commonwealth's failure to comply should be sanctioned according to Rule 37. Though Summary Judgment would be an option, this Court will allow the case to proceed given this Circuit's strong preference to allow cases to proceed on the merits. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

**B**

This Court now turns to analyze appropriate sanctions in this context. According to Fed. R. Civ. P. 37(c)(1), when a party does not comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or ***instead of*** this sanction, the court, on motion and after giving an opportunity to be heard . . . may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)." Fed. R. Civ. P. 37(c)(1) (emphasis added). One option available to the Court according to Rule 37(b)(2)(A)(ii) is: "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

Now that Commonwealth has provided a calculation of its damages in the appropriate format [*See* R. 82 at 10] and Ducati is aware of the damages it must defend against, this Court will issue sanctions in accordance with Rule 37(b)(2)(A)(ii). Specifically, this Court will limit Commonwealth to the damages it calculated in its Response to Summary Judgment, as this was the first time Commonwealth appropriately itemized its damages in accordance with Rule 26. [R. 82; R. 79-18.] Commonwealth has had adequate time to prepare their damages and the damages they have calculated are considered a final request by this Court. This Court believes Ducati's surprise at this damage calculation is mitigated by the sanctions imposed here, but will

entertain options to continue the trial if more time is needed to adequately address the damages as calculated by Commonwealth.

Accordingly, the damages as claimed in Plaintiff's Response to Summary Judgment will be the maximum amount of damages allowed to be claimed by Plaintiffs during the upcoming trial. Pursuant to Rule 37(b)(2)(A)(ii), Commonwealth may not ask for more damages than they listed in their Response to Summary Judgment [R. 81; R. 79-18.] and they may not introduce any additional information into evidence in support of damages other than what was explicitly named in the Response to Summary Judgment. [R. 81; R. 79-18.]

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that the Defendant's Motion for Summary Judgment [R. 71] is **DENIED**. As sanctions for violating Rule 26 according to Rule 37, Plaintiffs will be limited at trial to presenting evidence on the damages outlined in their Response to Summary Judgment. [R. 82; R. 79-18.]

This the 25th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge